UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE JOHNSON,<br><br>        Petitioner,<br><br>   v.<br><br>JAMES A. YATES, Warden,<br><br>        Respondent. | 1:09-cv-01906 MJS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition for writ of habeas corpus on October 30, 2009, and consented to exercise of Magistrate Judge jurisdiction on November 19, 2009. (Court Docs. 1, 5.) The Petition challenges findings of Pleasant Valley State Prison's Unit Classification Committee relating to Petitioner's level of housing in the correctional facility. (Court Doc. 1, pp. 9-12.)   It also challenges the failure of prison officials to process his administrative grievance. (Id.)

///

///

///

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

As noted, Petitioner challenges prison committee findings regarding the appropriate level of housing for him within the correctional facility. (Court Doc. 1, pp. 10-12.) A writ of habeas corpus is not a proper vehicle to challenge conditions of confinement unrelated to the fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (quoting Preiser, 411 U.S. at 500). A § 1983 action is a proper remedy for a state prisoner constitutionally challenging the conditions of his prison life rather than the fact or length of his custody." Ramirez, 334 F.3d at 855

1  (quoting Preiser, 411 U.S. at 499).  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to
2  conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights
3  action rather than a habeas corpus petition).  In the present case, if Petitioner succeeded in
4  challenging the committee's findings, he might be eligible for transfer to a different housing section.
5  (Court Doc. 1, p. 10.) He would not effect the fact or length of his custody.

6      Petitioner is not entitled to habeas corpus relief.  This petition must be dismissed.  If he wants
7  to pursue his claims, he may file a civil rights complaint.

8  C.  Conclusion

9      The claim is not cognizable as it does not challenge the legality of Petitioner's custody.
10  Therefore, the petition must be dismissed.

11  D.  Certificate of Appealability

12      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
13  district court's denial of his petition; an appeal is only allowed in certain circumstances. Miller-El v.
14  Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a
15  certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

16    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
district judge, the final order shall be subject to review, on appeal, by the court
17  of appeals for the circuit in which the proceeding is held.

18    (b) There shall be no right of appeal from a final order in a proceeding to test the
validity of a warrant to remove to another district or place for commitment or trial
19  a person charged with a criminal offense against the United States, or to test the
validity of such person's detention pending removal proceedings.
20
    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
21        appeal may not be taken to the court of appeals from–

22       (A) the final order in a habeas corpus proceeding in which the
detention complained of arises out of process issued by a State
23       court; or

24       (B) the final order in a proceeding under section 2255.

25    (2) A certificate of appealability may issue under paragraph (1) only if the
applicant has made a substantial showing of the denial of a constitutional right.
26
    (3) The certificate of appealability under paragraph (1) shall indicate which
27   specific issue or issues satisfy the showing required by paragraph (2).

28      If a court denies a petitioner's petition, the court may only issue a certificate of appealability

1  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or
2  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed
3  further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the
4  petitioner is not required to prove the merits of his case, he must demonstrate "something more than
5  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at
6  1040.
7         In the present case, the reasonable jurists would not find this Court's denial of federal habeas
8  corpus relief to be debatable or wrong or find Petitioner deserving of encouragement to proceed
9  further.  Petitioner has not made a substantial showing of the denial of a constitutional right.
10 Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   May 27, 2010**            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE